FILED
2017 Jul-26 PM 01:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **SAMMY WAYNE RODDY,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION NO.:** |
| vs. ) | |
| ) | |
| **COCA-COLA BOTTLING** ) | |
| **COMPANY UNITED, INC.,** ) | |
| ) | |
| **DEFENDANT.** ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, **MR. SAMMY WAYNE RODDY** (hereinafter "Roddy" or "Plaintiff"), and in support of his Complaint against Defendant, **COCA-COLA BOTTLING COMPANY UNITED, INC.** (hereinafter "Coke United" or "Defendant"), states his Complaint as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to the Age Discrimination in Employment Act of 1967, as amended (hereinafter the "ADEA"), 29 U.S.C. §§ 621, *et seq.*

2. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. All the discriminatory practices alleged in this Complaint were committed within the State of Alabama. This action is brought within the state

where the unlawful employment practices were committed, where the Plaintiff resides, and where there is no real property involved in the action, thereby making venue proper pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

4. Plaintiff Roddy is a Caucasian male, over the age of 19 years, and a citizen of this District and Division. At the time of the discriminatory acts made the subject of this Complaint, Roddy was 54 years of age. At the time of his unlawful termination, Coke United and its predecessor entity employed Roddy as a Field Service Supervisor in its Scottsboro bottling facility. As such, Roddy was an "employee" within the meaning of the ADEA.

5. Coke United is one of the largest privately held, independently owned bottling companies in the United States, employing more than 4900 employees in Alabama, Georgia, Tennessee, and Florida, including this District and Division. As such, Coke United is an "employer" within the meaning of the ADEA.

## ADMINISTRATIVE PREREQUISITES

6. The Plaintiff has satisfied all administrative prerequisites to bringing his claims:

   (a) On or about February 16, 2016, Roddy filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") charging Coke United with age discrimination. Plaintiff's Charge was

filed within 180 days of the commission of the unlawful employment practices alleged in his Charge. A copy of Plaintiff's Charge is attached hereto as Exhibit "A."

(b) On or about April 27, 2017, the EEOC issued to Plaintiff a Notice of Right-To-Sue ("Notice"). Plaintiff received the Notice on or about April 29, 2017. A copy of Plaintiff's Notice is attached hereto as Exhibit "B."

(c) This Complaint is filed within 90 days of Plaintiff's receipt of the EEOC's Notice.

## THE FACTUAL ALLEGATIONS

7. In June 2014, Coke United acquired the assets of a predecessor entity then owning the bottling facility in Scottsboro, Alabama. Coke United recruited Roddy for employment in or around June 2014 to serve as its Field Service Supervisor in Scottsboro Alabama.

8. Prior to his hiring by Coke United, various Coca-Cola bottling entities employed Roddy throughout the United States as a service technician and supervisor for over two decades. Throughout his approximately 23 years of service, Roddy consistently performed the duties and responsibilities of his various positions in an exemplary fashion.

9.

10. On or about June 17, 2015, however, Roddy's immediate supervisor, Wayne Taylor ("Taylor") (aged early to mid-30s) prepared and presented Roddy with a Performance Improvement Plan ("PIP") that completely ignored Coke United's objective performance metrics adopted by the Company for measuring performance, which Roddy consistently met and exceeded. Instead, Taylor identified 10 subjective areas of improvement warning Roddy that if he was unable to address these areas within 30 days Coke United would subject him to further disciplinary action. Among the areas Taylor specified for improvement was "Separation from the Past (CCR processes)." Taylor presented Roddy with the PIP and obtained his signature acknowledging receipt on June 26, 2015.

11. On or about July 27, 2015, Taylor presented Roddy with essentially the same PIP, but this time represented that the assessment related to Roddy's performance during the period from July 21, 2014 (his hiring date) to July 24, 2015. In addition, Taylor added the following statement of action items under the "Appropriate Steps to Correct Performance" section of the PIP: "(1) Exemplify initiative and effort to be present by working in the field with EE's and customers; (2) Show initiative & improvement by planning and follow through; (3) Concentrate on making solid thought out decisions instead of quick decisions that result in inefficient use of labor, routing, and resources." Significantly, the objective metrics by which Company policy dictated Roddy's performance should

be measured (fixed right first visit, Days to Delivery, and Days to Installation) demonstrated that Roddy was already accomplishing these goals by meeting or exceeding the Company's expectations, thus showing Taylor's criticisms to be pretxtual. Finally, under the "Comments" section of the PIP, Taylor wrote the following highlighted in yellow: "If at any time within the next 30-day period Sam is deemed to not be meeting the objectives and setting forth the effort to succeed with CCBCU, he may be terminated at any time without further notice."

12. Coke United terminated Roddy's employment on August 28, 2015. During Roddy's exit interview with Human Resources, Coke United's Human Resources representative told Roddy that she could not understand why Roddy was being terminated, that his qualifications far exceeded those of any other applicant for this position, and that he should tell Department of Industrial Relations that he did nothing wrong and that Coke United would not contest his application for unemployment compensation, or words substantially to that effect. Following his termination, Roddy applied for and received unemployment compensation.

13. On or about August 28, 2015, Coke United replaced Roddy with a substantially younger, objectively less qualified employee, Jason Ealkins ("Elkins"), whose age is estimated to be in his early 30s. Elkins previously served Coke United as a night Warehouse Manager, around June 2015, Coke United identified his position for elimination due to Respondent's decision to transition to

an automated system for stacking product on to pallets and loading its delivery trucks. Upon information and belief, Elkins possessed no prior experience as a repair technician or Field Service Supervisor.

14. Upon information and belief, Coke United terminated Roddy and selected Elkins, an objectively less qualified and less experienced employee, to replace the Charging Party because of his age in violation of the ADEA, as amended.

15. Upon information and belief, Coke United has a pattern and practice of discriminating against older employees in favor of younger, less qualified employees because of their age in violation of the ADEA, as amended.

## CLAIM I – ADEA
## AGE DISCRIMINATION

16. Plaintiff incorporates by reference paragraphs one through 15 as if fully set forth herein.

17. Coke United discriminated against Plaintiff because of his age by terminating his employment for pre-textual reasons, while similarly-situated younger employees were allowed to and did take the same actions without fear of any disciplinary action by Defendant and, afterward, by replacing her with a less qualified younger employee. In so doing, Coke United held Jones to a higher performance standard than other similarly-situated younger employees.

18. As a proximate result of Coke United's unlawful conduct, Plaintiff

has suffered, and continues to suffer lost wages and benefits and other damages.

19.   Coke United's acts, as set forth above, were willful, thus entitling Jones to reinstatement to her former position, back-pay and benefits, an award of liquidated damages, attorneys' fees, reasonable expenses and costs, and such other and further relief as the Court may deem appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests that this Court grant the following relief:

(a)   Grant the Plaintiff a declaratory judgment that the practices complained of herein are violative of the ADEA;

(b)   Grant the Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory practices on the basis of age;

(c)   Grant the Plaintiff the appropriate amount of back pay, loss of employment benefits, and other damages for the unlawful and discriminatory practices of the Defendant;

(d)   Grant the Plaintiff an award of liquidated and/or non-pecuniary damages related to Defendant's willful violation of the ADEA;

(e) Reinstate Plaintiff to the position he was holding prior to the unlawful discrimination or, in the alternative, award the Plaintiff front pay;

(f) Award the Plaintiff his costs and expenses, including a reasonable attorneys' fee; and,

(i) Award such other and further relief as may be permitted by statute, common law, or as the Court may deem to be just and proper.

**Plaintiff demands trial by struck jury.**

Respectfully submitted,

/s/ Andrew C. Allen
Andrew C. Allen  (ALL014)

Of Counsel:

Jessica Hayslip (HAY088)
**BURKE HARVEY, LLC**
3535 Grandview Parkway
Suite 100
Birmingham, Alabama  35243
(205) 930-9091
aallen@burkeharvey.com
jhayslip@burkeharvey.com

**Plaintiff demands trial by jury on all claims so triable.**

/s/ Andrew C. Allen
Andrew C. Allen  (ALL014)

PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:

**4600 East Lake Blvd**
**Birmingham, Al 35217**