FILED
2017 Jul-26 PM 01:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# "A"

# CHARGE OF DISCRIMINATION

420-2016-01227

EEOC AGENCY
CHARGE NUMBER:

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

State or Local Agency, if any

HOME TELEPHONE: (870) 736-2581

NAME: Mr. Sammy Wayne Roddy

STREET ADDRESS: 235 Wright Subdivision Road   CITY, STATE AND ZIP CODE: Grant, Alabama 35747   DATE OF BIRTH: January 12, 1962

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME: Coca Cola Bottling Company United, Inc.   NUMBER OF EMPLOYEES: Over 500   TELEPHONE (Incl. Area Code): (205) 241-4600

STREET ADDRESS: 4600 East Lake Blvd.   CITY, STATE AND ZIP CODE: Birmingham, AL 35217   COUNTY: Jefferson

RECEIVED FEB 16 2016 E.E.O.C. BIRMINGHAM DISTRICT

NAME   TELEPHONE (Incl. Area Code)

STREET ADDRESS   CITY, STATE AND ZIP CODE   COUNTY

DATE DISCRIMINATION TOOK PLACE
Earliest: June 17, 2015   Latest: August 28, 2015

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

RACE   COLOR   SEX   RELIGION   NATIONAL ORIGIN

RETALIATION   AGE XX   DISABILITY   OTHER (Specify)

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s))

1. Sammy Wayne Roddy ("Roddy" or "Charging Party") is a Caucasian male, aged 54, who Coca-Cola Bottling Company United, Inc. ("Coca-Cola United" or "Respondent") heavily recruited for employment in or around June 2014 to serve as its Field Service Supervisor in Scottsboro Alabama. Roddy was born on January 12, 1962 and his Social Security number is xxx-xx-1672. Prior to his hiring by Coca-cola United, various Coc-Cola bottling entities employed him throughout the United States as a service technician and supervisor for over two decades. Throughout his approximately 23 years of service, Roddy consistently performed the duties and responsibilities of his job in an exemplary fashion. Roddy, at all times relevant to this Charge of Discrimination, was an "employee" within the meaning of the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

2. Coca-Cola United is one of the largest privately held, independently owned Coca-Cola bottling companies in the United States, employing more than 4900 employees in Alabama, Georgia, Tennessee, and Florida. As such, Coca-Cola United is an "employer" within the meaning of the ADEA.

3. On or about June 17, 2015, Roddy's immediate supervisor Wayne Taylor (aged early to mid-30s) prepared a Performance Improvement Plan ("PIP") that ignored the Respondent's objective performance metrics, which Respondent consistently met and exceeded, and instead identified 10 subjective areas of improvement warning Roddy that if he was unable to address these areas within 30 days Coca-Cola United would subject him to further disciplinary action. Among the areas Taylor specified for improvement was "Separation from the Past (CCR processes)." Taylor presented Roddy with the PIP and obtained his signature acknowledging receipt on June 26, 2015.

4. On or about July 27, 2015, Taylor presented Roddy with essentially the same PIP, but this time represented that the assessment related to Roddy's performance during the period from July 21, 2014 (his hiring date) to July 24, 2015. In addition, Taylor added the following statement of action items under the "Appropriate Steps to Correct Performance" section of the agreement: "(1) Exemplify initiative and effort to be present by working in the field with EE's and customers; (2) Show initiative & improvement by planning and follow through; (3) Concentrate on making solid thought out decisions instead of quick decisions that result in inefficient use of labor, routing, and resources." Significantly, the objective metrics by which Company policy dictated Roddy's performance should be measured (fixed right first visit, Days to Delivery, and Days to Installation) demonstrated that Roddy was already accomplishing these goals by meeting or exceeding the Company's expectations, thus showing Taylor's criticisms to be pretxtual. Finally, under the "Comments" section of the PIP, Taylor wrote the following highlighted in yellow: "If at any time within the next 30-day period Sam is deemed to not be meeting the objectives and setting forth the effort to succeed with CCBCU, he may be terminated at any time without further notice."

5. Coca-Cola United terminated Roddy's employment on August 28, 2015. During Roddy's exit interview with Human Resources, Coca-Cola United's Human Resources representative told Roddy that she could not understand why Roddy was being terminated, that his qualifications far exceeded those of any other applicant for this position, and that he should tell Department of Industrial Relations that he did nothing wrong and that Coca-Cola United would not contest his application for unemployment compensation, or words substantially to that effect. Following his termination, Roddy applied for and received unemployment compensation.

6. On or about August 28, 2015, Coca-Cola United replaced Roddy with a substantially younger, objectively less qualified employee, Jason Ealkins, whose age is estimated to be in his early 30s. Elkins previously served Coca-Cola United as a night Warehouse Manager, around June 2015, Coca-Cola United identified his position for elimination due to Respondent's decision to transition to an automated system for stacking product on to pallets and loading its

delivery trucks. Upon information and belief, Elkins possessed no prior experience as a repair technician or Field Service Supervisor.

7. Upon information and belief, Coca-Cola United terminated Roddy and selected Elkins, an objectively less qualified and less experienced employee, to replace the Charging Party because of his age in violation of the ADEA, as amended.

8. Upon information and belief, Coca-Cola United has a pattern and practice of discriminating against older employees in favor of younger, less qualified employees because of their age in violation of the ADEA, as amended.

I will advise the EEOC if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I swear or affirm that I have read the above charge and that is true and correct.

NOTARY:

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

Date          Charging Party (*Signature*)

I declare under penalty of perjury that the foregoing is it true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

09-02-2016

(Day, month, and year)

RECEIVED

FEB 16 2016

E.E.O.C.
BIRMINGHAM DISTRICT